# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Tawhid Afzali Construction Company ) ASBCA No. 61198
)
Under Contract No. H92237-13-C-5002 )

APPEARANCE FOR THE APPELLANT:  Mr. Mohammad Nazir
    General Director

APPEARANCES FOR THE GOVERNMENT:  Jeffrey P. Hildebrant, Esq.
    Air Force Deputy Chief Trial Attorney
    Lt Col Nathaniel H. Sears, USAF
    Phillip E. Reiman, Esq.
    Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE PAUL

Appellant Tawhid Afzali Construction Company (TACC) filed a purported claim, without stating an amount claimed, to the contracting officer (CO) with respect to a construction contract which was awarded to another entity in Afghanistan. The CO denied the "claim" on the basis that it did not appear that TACC was awarded the contract and, accordingly, "is owed no money under the contract." The Air Force subsequently filed a motion to dismiss for lack of jurisdiction, contending that "nowhere does [TACC] state the amount of its claim" (gov't mot. at 1 of 2).

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 31 October 2012, GySgt Shane Oltman, CO USMC, awarded Contract No. H92237-13-C-5002, on behalf of the Combined Joint Special Operations Task Force - Afghanistan (CJSOTF-A) to Najibullah Rahmal (NR) in a total amount of $94,240 (R4, tabs 1-3). The contract's "STATEMENT OF WORK" stated: "**1.1 SCOPE OF WORK.** The contractor shall provide all personnel and supervision necessary to perform general labor services for the staging base at Fob [Forward Operating Base] Robinson, Helmand, Afghanistan." (R4, tab 21 at 1)

2. The performance period for contract line item numbers (CLINs) 0001-0009 was 5 November 2012 through 4 November 2013; for CLINs 1001-1009 was 5 November 2013 through 4 November 2014 (R4, tab 3 at 6 of 16).

3. On 18 July 2015, a Mr. Muhmmad Nazeer, styling himself as General Director of TACC, forwarded an email to Capt Brandon A. Sandoval, an Air Force CO

in which he referenced Contract No. H92237-13-C-5002 and stated, "[a]ny one down in Bagram [AFB], [c]ould you please help us out with our payment? It has been years and we haven't get [sic] paid? What's going on? Thanks." (R4, tab 4)

4. On 20 July 2015, Mr. Nazeer sent another email to the CO in which he wrote:

> We'd a project back in 2012, with signed contract from
> Bagram Air Field, Camp Robinson in Fahrah province,
> which is extremely unsafe and dangerous. We've hired
> and contracted the personnel [required] for this project,
> rented the house for them near the base, but the COR has
> told them to wait for some time and we haven't heard back
> since then.
>
> Please see attached signed contract.

(R4, tab 5 at 1 of 33) Mr. Nazeer enclosed a purported copy of H92237-13-C-5002 which he allegedly signed and which was dated 30 October 2012. The instrument stated a face amount of $72,400. (R4, tab 5 at 3 of 33)

5. The information on the face of the purported contract flatly contradicted the "Award Determination" executed by the original CO, GySgt Shane Oltman, on 29 October 2012. There, the CO stated, "[i]t is determined that Najibullah Rahmal in the amount of $94,240.00 is most advantageous to the Government." On this basis, the CO awarded Contract No. H92237-13-C-5002 to Najibullah Rahmal. (R4, tab 1)

6. Capt Sandoval responded to TACC's "claim" as follows: "You need to send the specifics regarding your claim. What invoices have you not been paid for? You will also need to supply all supporting documentation regarding the payment or lack thereof. If you have any questions, please address them to me." In addition to the purported contract, TACC provided to Capt Sandoval what appears to be a quotation in a total amount of $72,400. (R4, tab 5 at 1 of 33)

7. On 23 July 2015, TACC forwarded to Capt Sandoval an email allegedly from GySgt Oltman to TACC which stated:

> Tawhid Afzali Construction,
>         Good evening. Please review the attached contract
> and sign page 1. Return a signed copy to this email
> address as soon as possible. Contract services are to begin

2

on 5 November 2012. Please coordinate with 1stSgt Jazak (COR) that is Cc'ed on this email. Thanks.

(R4, tab 6 at 1)

8. On 24 July 2015, Capt Sandoval wrote to TACC as follows: "I've looked through the contract file and have no record of this contract ever being awarded to your company. The entire file reflects a separate company." (R4, tab 7 at 1) Also on 24 July 2015, Capt Sandoval forwarded the following email to TACC:

> Please provide the following documentation:
>
> 1)    Did you ever submit an invoice for payment?
>
> 2)    Who'd you send the invoice to?
>
> 3)    Who was the COR you were in contact with?
>
> 4)    Send me the e-mail where you were told to stop work.
>
> 5)    Provide the solicitation you responded to, along with the proposal.

(R4, tab 10 at 1 of 7) TACC responded in these terms:

> 1) No, we've not submitted any invoice since we'd [sic] a year long contract and we were told to halt the work temporarily for unknown reasons.
>
> 2) If we were to submit an invoice, we'd have sent it Gysgt Shane D. Oltman CJSOTF-A Contracting Officer.
>
> 3) I've already forwarded the email and point of contact for the COR.
>
> 4) Our supervisor who were [sic] responsible to communicate with the COR, were told to stop the work. The reason was, COR was communicating more often direct and per cellphone with our supervisor, not necessarily with us.

3

> 5) I've forward[ed] you the email already which the officer
> has asked for a Quote and also mentioning the COR point
> of contact, provided by the contracting officer. So, we've
> only responded with the attached Quotation that must be
> similar with the one you'd have in your database
> otherwise, we're the culprit.

(*Id.*)

9. Once again on 24 July 2015, Capt Sandoval forwarded the following email to TACC: "I've reviewed the docs you sent me and they do not match the contract file. Did your company perform any work on the contract?" TACC replied that day as follows:

> We've worked for a about [sic] a month and then told to
> stop for a second notice, and we've not heard of them since
> then. Sir, if this contract is fabricated, then we're criminal
> if not, there is something wrong with it. I don't think, that
> anyone in Afghanistan could fabricate a digitally signed
> paper with at most of security. We're concerned sir!

(R4, tab 10 at 2 of 7) On 28 July 2015, TACC provided a further response. It wrote:

> Did you check out the contract? It's absurd to say that this
> contract [does] not exist...It's quite funny. We write you
> again, please if you can't help, give us a contact for
> Bagram or other office to solve any problem.

(R4, tab 13)

10. On 1 August 2015, Mr. Dan Min, a special investigator with the Special Inspector General for Afghanistan Reconstruction (SIGAR) forwarded the following email to TACC:

> You have been contacting Capt Sandoval regarding
> payment on contract number
> H92237-13-C-5002 "Camp Robinson Labor"
>
> I want you to come to Bagram Airfield with the following:
>
> 1)     All papers showing why you were the contractor
> and proof that you won this contract including your

4

solicitations for this contract, letters showing that you won this contract, etc.

2) All papers showing that you did the work, receipts, documents, emails, and all documents showing why you were not paid on this contract

3) Your taskira and taskira of anyone accompanying you

4) Your AISA license for Tawhid Afzali Construction Co.

5) Your JCCS Cage Code and your confirmation of this code.

Email me back and I will set up an appointment for you to come to Bagram Airfield.

Send me your Taskira's first, so I can grant you access to Bagram Airfield. You will be coming to ECP 1.

Thank you and I look forward to hearing from you

(R4, tab 14 at 8 of 17)[1]

11. On 2 August 2015, TACC responded to Mr. Min as follows:

Please answer below questions[:]

1 - Did you verify the signature of your [previous] officer?

2 - We have the email from the officer, has awarded the contract.

3 - We have send [sic] you all the information we had and even suggested to give you our email password?

4 - Why you want us in Bagram?

You're powerful but not right, we know that we can not do anything if you do not pay us or anything, but we have never did anything wrong. Please check our past performance.

---

[1] The word "taskira" and the various acronyms set forth in this email are not identified in the record.

5

> If you are this illogical, then we will not be contacting you anymore, but not sign anything, just we might get justices one day.

(R4, tab 16 at 3 of 5)

12. On 3 August 2015, Capt Sandoval forwarded this email to a Mr. Gregory Martin at USSOCOM (U.S. Southern Command) Headquarters:

> I have received a claim from a vendor (TAWHID AFZALI) demanding payment for a contract he was not awarded. The contract file includes an award determination, contract, and modifications for a different company. TAWHID AFZALI has only been able to provide a contract and NTP...nothing else (These docs are not in our file). There is also no history in the contract file that he even bid on this project. I contacted SIGAR who conducted an investigation. The company became very irate with SIGAR and refused to identify themselves or cooperate. SIGAR found TAWHID AFZALI on JCCS and contacted the company POC. They have no idea who within their company would be making these claims. SIGAR called me this morning and recommended I close this issue out as they believe the person contacting us is an impersonator.
>
> How would you like me to close this out? Would I still be required to submit a KO determination? This vendor has been extremely uncooperative and verbally berating to myself and SIGAR. They haven't been able to even submit an invoice or identify an amount that they believe they are owed.

(R4, tab 15 at 1 of 2)

13. On 10 May 2017, Capt Sandoval issued a final decision in which he wrote, in part:

> 1. This letter is in response to your company's submitted claim, sent 18 July 2015. This claim is for unpaid work for contract H92237-13-C-5002.

6

2. I have reviewed the documents for this solicitation, documents provided by you, email traffic between your company and the Contracting Officer Brandon A. Sandoval, and Special Agent Kyushik "Danny" Min for contract H92237-13-C-5002, in consideration of the claim you submitted. In addition to your request, the following facts were considered:

1) On 18 July 2015, SOJTF-A Contracting received an e-mail from the email address towheed.company@gmail.com. The sender of this email purported to be Muhmmad Nazeer, General Director of Tawhid Afzali Construction Company (hereinafter referred to as "the Claimant"). (Attachment A). The email alleged that the Claimant had not been paid for work performed under contract H92237-13-C-5002.

2) The Contracting Officer requested that the Claimant provide documents validating its claim. In response, the Claimant provided a contract, a quote, and an NTP. The Claimant also stated that it would "look for every piece of information that could help, but it is definitely possible that it totally won't exist." The Claimant stated that after they started work they were told to stop. However, no proof was provided that a stop work order was issued, nor is one documented in the contract file. The JCCS code and AISA license number listed in the signature block in the referenced emails do not exist in JCCS.

3) A review of the contract file was conducted. H92237-13-Q-5002 was the solicitation issued. The file contains two quotes which were submitted for this project. The award determination, dated 29 October 2012, states Najibullah Rahmal as the winner of this contract action. The contract in the file also has Najibullah Rahmal as the contractor. There are two modifications within the file which also list Najibullah as the contractor. There is no documentation or anything relating to Tawhid Afzali Construction Company.

7

4) To assist with this investigation, U.S. Army Criminal Investigation Command (CID) was contacted. CID initially contacted the Claimant on 1 August 2015. The Claimant refused to cooperate or provide additional information. The Claimant told CID to stop e-mailing him.

5) CID was eventually able to find a company called Tawhid Afzaly Construction in Afghanistan. CID made contact with the company and was told that Tawhid Afzaly Construction had no idea who would be contracting the Government on its behalf and that they are unaware of this contract.

3. The Contracting Officer denies this claim based on the information above. It does not appear that the Claimant was awarded contract H92237-13-Q-5002 and as such, is owed no money under the contract.

(R4, tab 18 at 1-2 of 3) As stated by the CO in his letter to Mr. Martin on 3 August 2015, at no time did TACC state a claim in a sum certain (R4, tab 15 at 1 of 2). Accordingly, we find that TACC failed to submit a proper claim to the CO. This appeal followed.

## DECISION

Section 7103(a)(1) of the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, states generally: "[E]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." Thus, the CDA clearly requires that a claimant be a "contractor."[2] Here, TACC has not demonstrated that it meets this requirement. Indeed, the most credible document relating to this dispute is the "Award Determination" by the original CO, GySgt Shane Oltman. There, the CO determined that Najibullah Rahmal's offer was "most advantageous to the Government." On this basis, the CO awarded Contract No. H92237-13-C-5002 to Najibullah Rahmal. (SOF ¶ 1) Hence, the Board cannot accept TACC's contentions that it was the contractor. Accordingly, we must dismiss its claim for lack of jurisdiction.

---

[2] The CDA further defines "contractor" as a "party to a Federal Government contract other than the Federal Government." 41 U.S.C. § 7101(7).

8

Even if TACC could somehow prove that it was the contractor, its claim would fail. It is axiomatic that a necessary element of a cognizable claim is a demand for payment in a sum certain. *Precision Standard, Inc.*, ASBCA No. 55865, 11-1 BCA ¶ 34,669 at 170,787. As the CO stated in correspondence to Mr. Martin of USSOCOM HQ, TACC, *inter alia*, did not identify "an amount that they believe they are owed" (SOF ¶ 12). Moreover, we found that TACC failed to submit a proper claim to the CO (SOF ¶ 13). On this basis alone, we must dismiss TACC's "claim" for lack of jurisdiction.

## CONCLUSION

The government's motion to dismiss is granted.

Dated: 9 January 2018

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61198, Appeal of Tawhid Afzali Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals